**Jil Mazer-Marino, Chapter 7 Trustee**
**CULLEN AND DYKMAN, LLP**
**100 Quentin Roosevelt Boulevard**
**Garden City, New York 11530**
**Telephone: (516) 357-3700**
**Facsimile: (516) 357-3792**
**Email: jmazermarino@cullenllp.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
In re:

           Chapter 7

**SURGICAL SAFETY SOLUTIONS, LLC,**

           Case No. 20-10344 (SCC)

          Debtor.
-----------------------------------------------------X

**TRUSTEE'S APPLICATION IN SUPPORT OF**
**ORDER RETAINING GENERAL COUNSEL**

**TO THE HONORABLE SHELLEY C. CHAPMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

        Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for Surgical Safety Solutions, LLC, the above-captioned debtor (the "**Debtor**"), in support of this application (the "**Application**") for an order retaining general counsel to the Trustee, respectfully represents as follows:

**JURISDICTION, VENUE, STATUTORY PREDICATE**

1. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A). The statutory predicate for the Application is section 327 the Bankruptcy Code.

1913582

## BACKGROUND

2. On May 5, 2017 Wesley Holdings Ltd. commenced an action in the United States District Court, Southern District of New York (the "**District Court**") against 3si Systems, LLC, 3si Systems, LLC and Surgical Safety Solutions, LLC (collectively, the "**Debtors**") and certain of the Debtors' principals.

3. On September 7, 2017, the District Court appointed William A. Brandt, Jr. of Development Specialists, Inc. as the acting receiver for the Debtors (the "**Receiver**").

4. On November 20, 2018, the District Court entered an order approving the Receiver's sale of certain of the Debtors' assets to Wesley Holdings, Inc's wholly owned subsidiary.

5. The District Court subsequently entered an *Order Granting Joint Letter Motion Requesting Approval of* Receivership *Wind Down Procedures* [Dkt. No. 220] (the "**Wind Down Order**"), directing the Receiver to file chapter 7 bankruptcy petitions for each of the Debtors and establishing the Receiver's responsibilities with respect to respective bankruptcy filings.

6. In compliance with the Wind Down Order, the Receiver caused chapter 7 petitions to be filed with this Court on February 4, 2020 for each of the Debtors.

7. On February 5, 6, and 14, 2020, the Trustee was appointed interim trustee for Surgical Safety Solutions, LLC, 3si Systems, LLC, and 3si International, LLC, respectively.

8. The Debtor's representative did not appear for the Bankruptcy Code section 341 meeting of creditors scheduled for March 12, 2020 and the meeting was adjourned to April 23, 2020.

**REQUEST FOR RELIEF**

9. By this Application, the Trustee is seeking to employ and retain Cullen and Dykman LLP ("**C&D**") as her attorneys, pursuant to Bankruptcy Code section 327(a) to perform the legal services more fully set forth above, effective as of February 16, 2020.

**BASIS FOR RELIEF**

10. The Trustee seeks to retain C&D because C&D's attorneys have considerable knowledge of the applicable law and significant experience in practicing before this Court. Accordingly, the Trustee believes that C&D is well qualified to represent her in this case.

11. C&D may be requested to render the following services to the Trustee:

   i. to represent the Trustee in connection with an investigation of the Debtor's assets and finances;

   ii. to prosecute litigation on behalf of the Trustee and appear at hearings before this Court and any other court with jurisdiction over the Debtor's assets;

   iii. to appear for, defend and generally represent the Trustee's interests in the Debtor's case; and

   iv. to advise and represent the Trustee regarding the general administration of the Debtor's case, including the analysis and objection to claims filed in the Debtor's case.

12. The Trustee submits that the retention of C&D under the terms described herein is appropriate under Bankruptcy Code section 327, which empowers the Trustee, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

13. To the best of the Trustee's knowledge, C&D's partners, of counsel, and associates do not have any connection with the Debtor, its creditors or any other party in interest, except to the extent set forth in the "Declaration of Jill Mazer-Marino in Support of the Trustee's Application to Retain General Counsel" that is annexed hereto as **Exhibit "A"**. Accordingly, the Trustee believes C&D is disinterested and does not hold or represent an interest adverse to the Debtor's estate.

14. Subject to this Court's approval and in accordance with Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, and the Local Rules, the Trustee requests that C&D be compensated on an hourly basis for the services performed in connection with its representation of the Trustee in this case. Additionally, the Trustee requests that C&D receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Trustee in this case.

1913582

## NOTICE

15. Notice of this Motion has been given to the United States Trustee for the Southern District of New York. The Trustee submits that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form annexed hereto **Exhibit "B"**, authorizing the Trustee to retain C&D as general counsel in the Debtor's case and such other relief as is just and proper.

Dated: Garden City, New York
March 20, 2020

By: */s/ Jil Mazer-Marino*
      Jil Mazer-Marino, Chapter 7 Trustee
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
Tel.: (516) 357-3700
Fax: (516) 357-3792
Email: jmazermarino@cullenllp.com

1913582

# EXHIBIT A

**Declaration of Jil Mazer-Marino in
Support of Trustee's Application to Retain General Counsel**

**Jil Mazer-Marino, Esq.**
**CULLEN AND DYKMAN, LLP**
**100 Quentin Roosevelt Boulevard**
**Garden City, New York 11530**
**Telephone: (516) 357-3700**
**Facsimile: (516) 357-3792**
Email: jmazermarino@cullenllp.com

*Proposed Counsel for the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
In re:

**SURGICAL SAFETY SOLUTIONS, LLC,**

Debtor.
-----------------------------------------------------X

**Chapter 7**

**Case No. 20-10344 (SCC)**

### DECLARATION IN SUPPORT OF TRUSTEE'S APPLICATION TO RETAIN GENERAL COUNSEL

**JIL MAZER-MARINO,** pursuant to 28 U.S.C. § 1746, declares the following to be true under penalty of perjury:

1. I am an attorney at law, duly admitted to practice in the State of New York and before this Court.

2. I am a partner at the law firm of Cullen and Dykman LLP ("**C&D**"), which maintains an office for the practice of law at 100 Quentin Roosevelt Boulevard, Garden City, New York 11530. This declaration is submitted in connection with my application, as chapter 7 trustee for the above captioned debtor (the "**Debtor**"), to retain C&D as my general counsel in the above-captioned case.

3. To prepare this Declaration, C&D implemented procedures to ensure full compliance with Title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of the United States

1913582

Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

4. Pursuant to these procedures, I caused to be performed the following actions to identify the parties relevant to this Declaration:

- A list of the names, including the Debtor and persons and entities who are substantial creditors of the Debtor, was assembled (collectively, the "**Potential Parties in Interest**"). The list of Potential Parties in Interest is attached to this Declaration as Schedule 1.

- Personnel from C&D's billing department compared each of the Potential Parties in Interest (exclusive of any affiliates of such entities) to the names listed in C&D's comprehensive client and accounting database, which lists, among other things, the name of each current and former C&D client for at least the past three years (the "**Conflict Check**").

5. Based on the above-described procedures, I have determined that: C&D does not represent any person or entity in connection with any of the matters on which C&D is to be employed as counsel, except as otherwise disclosed herein.

6. C&D, from time to time, may have or may continue to represent creditors of the Debtor and various other parties actually or potentially adverse to the Debtor in matters wholly unrelated to the Debtor or this chapter 7 case and to the matters on which C&D is to be employed as counsel.

7. Despite the efforts described above to identify and disclose C&D's connections with Potential Parties in Interest in this chapter 7 case, C&D is unable to state with absolute certainty that every client representation or other connection has been disclosed. C&D will continue to research its relationships with the Debtor's creditors and other Potential Parties in Interest in this case and, if necessary, will disclose any additional connections in a supplemental Declaration to be filed with this Court as required by Bankruptcy Rule 2014(a).

8. C&D represents no interest adverse to those of the trustee in this case (the "**Trustee**") or the estate of the Debtor and both C&D and the undersigned are disinterested persons

as such term is defined in 11 U.S.C. § 101(14).

9. I am the attorney who will bear the primary responsibility for the representation for which authority is sought herein.

10. I have read and am generally familiar with the Bankruptcy Code; the Bankruptcy Rules; and the Local Rules.

11. C&D is well qualified to represent the Trustee's interests in this case. C&D's attorneys have extensive experience and knowledge in the fields of debtor and creditor rights, bankruptcy and litigation.

12. C&D, subject to subsequent approval of any fee application by this Court, will perform services for the Trustee, in connection with this case at its usual and customary billing rates, which at the present time are as follows for the professionals expected to work on this matter: from $525.00 to $675.00 per hour for the services of partners, from $175.00 to $330.00 per hour for the services of associates, and from $100.00 to $200.00 for the services of paralegals. Additionally, C&D will seek reimbursement of all reasonable and necessary out of pocket disbursements including but not limited to photocopying, messenger services and facsimile charges.

Dated: Garden City, New York
      March 20, 2020

                                    */s/ Jil Mazer-Marino*
                                    Jil Mazer-Marino, Esq.

# SCHEDULE 1

**Potential Parties in Interest**

**Potential Parties in Interest**

**16 Amelia Drive RT**

3si Systems, LLC

3si Systems International, LLC

Adam Levy

ADT Security Services

Ahee Build, Inc.

Alere Inc.

Amelia P. Nelson

American Express

Analyticsmd

Andrew Hatch

Andrew Lazar

Anthony Caserta

Augmedics

Avhana Health Inc.

Babblelabs Inc.

Barry and Equity Trust Company Custodian

Ben Khosravi

Bill Flecky

Black Duck Software

Blum Shapiro

Brad Pulver

Brent and Pinecrest Holdings LLC Barbara

Brett and Equity Trust Company Custodian

Brett and the Entrust Group FBO Jarrod B.

Brett Giffin

Brian Woodbury

Brown Neri Smith & Khan LLP

Burlington Centre Owner LLC

CAC LLC

Caresyntax Inc.

Chad and Emma and Equity Trust Custodian

Christine Dixon

Christopher Philip Milazzo

Cleveland Clinic

Cliniflow Technologies LLC

Commonwealth of Massachusetts-Department of Tax

Congdon & Coleman

Connecticut Department of Economic

Convergent Outsourcing

**Cornelius Colley**

**David and Equity Trust Company Custodian**

**David Kiderman**

**David Ross Carmel**

**David W. Wagner**

**Debra Lang**

**Dennis and Equity Trust Company Custodian**

**Development Specialists, Inc.**

**Dinhduy Tran**

**Doug Regula**

**Downing Acquisition Partners LLC**

**Downing Digital Healthcare Group LLC**

**Downing Health Technologies LLC**

**Downing Investment Partners LP**

**Downing Medical Device Group LLC**

**Downing Partners LLC**

**Ed and Equity Trust Company Custodian FB**

**Edward Howley**

**Ellenoff Grossman & Schole LLP**

**Eric Hassman**

**Explorer Surgical**

**Frank Sicilia**

**Gary and Joann and Equity Trust Company**

**Geoffrey Heineman**

**George Robbie**

**Glen Haufler**

**Gordo, Fournaris & Mammarella PA**

**Gregory C and Equity Trust Company**

**Hanover Square Capital Partners LP**

**Harold Strandquist**

**Haws, Shane c/o Christopher Devito**

**Helios Heart Center Leipzig**

**Henry Howard**

**IVC HealthCom LLC**

**J.C. Flaherty**

**James Mcavinn**

**Jan and Equity Trust Company Custodian**

**Jason Maron**

**Jay and JP Holdings LLC PILA**

**Jeffrey Rice**

**Jim Fries**

| | |
|---|---|
| **JJ Cribb** | **National Enterprise System** |
| **John Hart** | **National Grid-Electric** |
| **John Henesey** | **Nationwide Credit** |
| **Jonathan Cutler** | **NCB Management Services** |
| **John Hyun Park** | **Northstar Location Services** |
| **Joseph Wesley** | **Nuance Communications Inc.** |
| **Ken Stephens** | **Ocwen Loan Servicing** |
| **Kent County Water Authority** | **Osso VR Inc.** |
| | **Paul Giroux** |
| **Kevin Conlon** | **Pedro Alcantara** |
| **Kirsten Lee Molloy** | **Perahealth** |
| **Leonard Mancini** | **Peter J. Furness** |
| **Louis Houff** | **Piper Jaffrey & Co.** |
| **Mainsail Partners** | **Ponce and Equity Trust Company Custodian** |
| **Marc Lawrence** | **R.M. Flaherty** |
| **Marco Zenati** | **Raymond Childress** |
| **Margaret and David and Equity Trust Company** | **Richard Buckingham** |
| **Mark Miller** | **Rob Kloecker** |
| **Matthew James McDonald** | **Ronald Page** |
| **Melissa and Thomas Fitzpatrick** | **Russell D. Raskin** |
| **Michael A. Vanniel** | **Ryan Detzel** |
| **Michael E. Bee Trust** | **Scott Lehigh** |
| **Michael Grumbine** | **Michael Shaut Trust** |

g

Sherpa Capital

Sofia Rexach

St. Barnabas Health System

St. Teresa Medical Inc.

Stacy B. Ferrara

State of Rhode Island Department of Taxation

Stephan and Lindsay Forden

Stephen Post

Steven Jesser

Sunrise Credit Services, Inc.

Surgical Safety Solutions Interactive LLC

Surgical Safety Solutions, LLC

The Entrust Grouop FBO Lynnea Raper

The Greca Plaza

Thomas Hickman

Timothy A. and Equity Trust Company Custodian

Town of East Greenwich Tax Accessor

United States Treasury- IRS

Vince Schuessler

Viresh Sitapara

Wagner Family Revocable Trust

Warner Pyne

Warwick Country Club

Wells Fargo

Wesley Holdings Ltd.

Wesley Holding LLC

William R. and Artemis Velahos Koch

William T. Wagenknecht

William V. Murfey FBO Mary V. Murfey

# EXHIBIT B

# Proposed Order

1913582

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X
In re:

**SURGICAL SAFETY SOLUTIONS, LLC,**

                     **Debtor.**

---------------------------------------------------X

        **Chapter 7**

        **Case No. 20-10344 (SCC)**

## ORDER APPROVING RETENTION OF GENERAL COUNSEL

Upon the application (the "**Application**") of Jil Mazer-Marino, the chapter 7 Trustee (the "**Trustee**") for the above-captioned chapter 7 debtor (the "**Debtor**"), to retain the law firm of Cullen and Dykman LLP ("**C&D**") as general counsel to the Trustee, and C&D having or representing no interest adverse to the Trustee or to the estate in the matters upon which it is to be engaged, and that its employment will be in the best interests of the estate, it is

**ORDERED,** that the Trustee is authorized to retain C&D as general counsel to the Trustee under a general retainer for all matters in connection with its representation of the Trustee as set forth in the Application as of February 16, 2020; and it is further

**ORDERED,** that C&D is authorized to perform the following services:

1. to represent the Trustee in connection with the investigation of the Debtor's assets and finances;

2. to prosecute litigation on behalf of the Trustee and appear at hearings before this Court and any other court with jurisdiction over the Debtor's assets;

3. to appear for, defend and generally represent the Trustee's interests in the Debtor's case; and

4. to advise and represent the Trustee regarding the general administration of this case, including the analysis and objection to claims filed in the Debtor's case.

1913582

**ORDERED**, that to the extent the Trustee requires C&D to perform additional services, the Trustee's rights are preserved to seek Court approval to expand the scope of C&D's retention; and it is further

**ORDERED,** that all fees payable to C&D shall be subject to proper application and Order of this Court; and it is further

**ORDERED**, that prior to any increases in C&D's rates for any individual employed by C&D and providing services in this case, C&D shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Trustee, the United States Trustee and any parties in interest that have filed a notice of appearance and request for notices in the Debtor's chapter 7 case; and it is further

**ORDERED**, that the supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated: New York, New York
      March __, 2020

                                             UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: */s/ Andrew D. Velez-Rivera*
     Andrew D. Velez-Rivera, Trial Attorney